## COMMONWEALTH *vs.* JOHN WELSH.
## COMMONWEALTH *vs.* JOSEPH MITCHELL.

An indictment on *St.* 1849, *c.* 49, § 1, is sufficient, which alleges that the defendant, at a time and place named, " by and in pursuance of a previous appointment and arrangement made to meet and engage in a fight with another person, to wit, with one J. S did meet and engage in a fight with the said J. S.," without further charging what previous appointment or arrangement was made, or when, or where, or by whom, or further setting out the defendant's acts.

An indictment on *St.* 1849, *c.* 49, § 2, is sufficient, which alleges that the defendant, at a time and place named, " was present as an aid and second, and did advise, encourage and promote a fight, in which one A. B. did then and there, by previous appointment and arrangement so to meet and engage, meet and engage with one J. S."

It is not necessary, to maintain an indictment on *St.* 1849, *c.* 49, to prove that the fight was for a prize or reward.

On the trial of an indictment on *St.* 1849, *c.* 49, the previous appointment or arrangement may be inferred from the conduct of parties and other circumstances, and need not be proved to have been made in this commonwealth, nor at a distinct time and place from the fight.

INDICTMENTS on *St.* 1849, *c.* 49, entitled " an act to prevent prizefighting." Trials in the court of common pleas, before *Morris*, J.

The *first* indictment was upon § 1, and averred that Welsh, at Seekonk, on the 30th of June 1855, " by and in pursuance of a previous appointment and arrangement made to meet and engage in a fight with another person, to wit, with one Freeman

Clarson, did meet and engage in a fight with the said Freeman Clarson, against the peace of said commonwealth, and contrary to the form of the statute in such case made and provided."

The *second* indictment was upon § 2, and averred that Mitchell, at Seekonk, on the 30th of June 1855, " was present as an aid and second, and did advise, encourage and promote a fight, in which one John Welsh did then and there, by previous appointment and arrangement so to meet and engage, meet and engage with one Freeman Clarson, against the peace of said commonwealth, and contrary to the form of the statute in such case made and provided."

The evidence in each case was from several police officers of Providence, R. I., who testified that, early in the morning of the 30th of June 1855, a crowd of thirty or forty persons, among whom were Welsh, Mitchell and Clarson, collected on India street in Providence, and stood there some time, and then passed over India Point Bridge, and proceeded a mile and a half into Seekonk, and went into a dale between two hills ; that Welsh and Clarson stripped the upper parts of their bodies ; that a ring was formed by the crowd standing around the spot ; that some one asked whether they had chosen their seconds, and Welsh said that Mitchell was his second, and Clarson said that he had none, that the man who had agreed to come was not there, but selected one Fish ; that one of the officers remonstrated with the parties, telling them it was wrong, and, if they persisted, the officers would do all they could to have them brought to justice ; to which Mitchell answered, " You are an officer in Providence; you have no authority here; the fight must go on ;" that a cent was then tossed for the choice of ground, which fell to Welsh; that a scratch was made on the ground, to which Welsh and Clarson then came up, and shook hands, and then began to fight, and had several rounds, lasting twenty minutes, the two first of which resulted in favor of Clarson, and the last ended in a melee, in which several persons struck and kicked Clarson, who was knocked down, and the fight ended ; that during the fight Mitchell and Fish acted as seconds, and another man held two bottles, one of which con-

tained lemon, sugar and water, with which some one, between the rounds, washed the blood from Welsh's face, and the contents of the other bottle were unknown. This was all the material evidence for the Commonwealth. The defendant called no witnesses.

The defendant in each case contended that the facts proved were not sufficient in law to constitute the crime charged in the indictment; and requested the judge to instruct the jury, "that it was incumbent upon the government to prove, by direct evidence, some definite arrangement or appointment to fight; by whom it was made, and where, and something of what the appointment or arrangement was; that it was distinct from, and previous to, the time when the parties met, and before separating fought; and that the arrangement or appointment was concluded in Massachusetts."

But the judge ruled that there was sufficient evidence to warrant the jury, if they believed sufficient had been proved, in finding a verdict of guilty; and instructed the jury "that it was incumbent upon the government to prove that Welsh and Clarson met and fought within the county of Bristol, as charged in the indictment; and that said meeting and fighting were by appointment or arrangement previously made; that such arrangement or appointment need not be proved by direct evidence, but might be inferred from the conduct of the parties and other circumstances; that if the fact of such previous appointment was proved, the details of it need not be shown, and that it was immaterial whether or not it was made in this commonwealth."

Each defendant, being convicted, alleged exceptions; and also moved in arrest of judgment, and again excepted to the overruling of that motion.

*J. Brown*, for the defendants. 1. The object of the *St.* of 1849, *c.* 49, as declared in its title, is "to prevent prizefighting." The facts proved do not constitute one of those public, brutal exhibitions of a fight for a reward or prize, to which the legislature intended to give the character of a felony; but only an affray or ring fight.

2. A previous appointment or arrangement was a material fact; and it should therefore have been distinctly averred in the indictment, and proved with substantial certainty, and not left to mere inference from circumstances, what the appointment was; when, where, and by whom it was made; that the defendant was a party to it; and that it was made in Massachusetts.

3. It requires the participation of two persons, at least, to make the appointment or arrangement, and to constitute the offence created by this statute; and a single individual cannot be charged with its commission, unless in connection with persons unknown. *State* v. *Fox,* 15 Verm. 22.

4. The averment, that Welsh " did meet and engage in a fight with " Clarson, does not sufficiently describe the nature of the fight, nor show whether Welsh and Clarson fought with each other, or with some third person or thing. The indictment therefore does not set forth the offence " fully and plainly, substantially and formally." Declaration of Rights, art. 12. *Commonwealth* v. *Maxwell,* 2 Pick. 139. *Commonwealth* v. *Pray,* 13 Pick. 362. *Commonwealth* v. *Thurlow,* 24 Pick. 379. Archb Crim. Pl. (5th Amer. ed.) 42 *& seq.*

*J. H. Clifford,* (Attorney General,) for the Commonwealth.

METCALF, J. By *St.* 1849, *c.* 49, § 1, " every person who shall, by previous appointment or arrangement, meet another person and engage in a fight, shall be punished," &c. By § 2, " every person who shall be present at such fight, as an aid, second or surgeon, or who shall advise, encourage or promote such fight, shall be punished," &c. One of these defendants has been indicted and found guilty on the first section of this statute, and the other on the second section; and each has moved in arrest of judgment for insufficiency of the indictment against him. But the court are of opinion that both are sufficient, within the rule, which has been repeatedly recognized and applied, that a charge in an indictment may be made in the words of a statute, without a particular statement of facts and circumstances, when, by using those words, the act in which an offence consists is fully, directly and expressly alleged, without

any uncertainty or ambiguity. See *Commonwealth* v. *Ashley*, 2 Gray, 357, and authorities there cited; *State* v. *Kesslering*, 12 Missouri, 565; *State* v. *Click*, 2 Alab. 26.

The court are also of opinion that the rulings and instructions at the trial were all clearly right. *Exceptions overruled.*